UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

**VISITORS FLEA MARKET, LLC,**

        Debtor.
_____/

CASE NO. 6:14-bk-13362-CCJ

CHAPTER 11

**EXPEDITED RELIEF REQUESTED**
Hearing on or before December 30, 2014

**JOINT EXPEDITED MOTION OF VISITORS' PLAZA, INC., AND
VISITORS FLEA MARKET, LLC, PURSUANT TO 11 U.S.C. § 363
FOR AN ORDER AUTHORIZING THE SALE OF THE DEBTOR'S REAL PROPERTY**

**VISITORS' PLAZA, INC.**, a Florida corporation ("Plaza"),[1] and **VISITORS FLEA MARKET, LLC** ("VFM"; and together, the "Debtors"), by and through their undersigned counsel and pursuant to §§ 363(b) and 363(f) of Title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 6004, 7004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby move on an expedited basis for the entry of an Order (the "Sale Order") approving the sale of, among other things, Plaza's real property free and clear of liens, claims, interests and encumbrances, to Treasure Island Real Estate Partners, LLC, a Florida limited liability company (the "Buyer"), and further requests an expedited final hearing on or before December 30, 2014. In support of its motion, the Debtors state as follows:

**BACKGROUND**

1.     Plaza owns real property located at 5811 W. Irlo Bronson Memorial Hwy, Kissimmee, Florida 34746 (the "Property"). The Property is primarily operated as a flea market known as "Visitors Flea Market." VFM currently manages the Property and collects rents from the flea market tenants, who enter into short term, week-to-week leases with VFM for stalls or space at the flea market. The flea market has approximately 250 spaces available for short-term

---

[1] Visitors' Plaza, Inc. is also a debtor in bankruptcy, case no. 6:14-bk-13360.

leases. Currently, there are approximately 80 vendors leasing spaces at the flea market. Additionally, Plaza leases two units on the Property unrelated to the flea market to "anchor tenants" Triple F Entertainment, LLC, and KMA Trading USA, Inc., respectively, under written lease agreements, and Plaza collects rent from those tenants directly.

2. On September 29, 2014 (the "Effective Date"), Plaza, VFM, and the Buyer entered into that certain Real Estate Purchase Agreement (the "Purchase Agreement") that contemplates Plaza will sell, and the Buyer will buy, for a total purchase price of Five Million One Hundred Thousand Dollars ($5,100,000.00), the Property, along with all the Debtors' right, title, and interest in the leases and rental agreements currently in effect on the Property, among other things, as more particularly set forth in the Purchase Agreement (such sale, the "Sale"). A true and correct copy of the Purchase Agreement, together with all amendments, is attached hereto as **Exhibit "A"**.

3. Pursuant to the Purchase Agreement, within two (2) business days after the Effective Date, the Buyer deposited $50,000.00 earnest money to be held by Fassett, Anthony & Taylor, P.A. as escrow agent ("Escrow Agent") (the "First Deposit"). On November 26, 2014, the parties agreed to extend the inspection period through and including December 8, 2014. On December 8, 2014, the parties agreed to extend the inspection period again through and including December 15, 2014. In connection with this second extension, the Buyer deposited an additional $1.1 million with Escrow Agent (the "Second Deposit"). Further, upon expiration of the revised inspection period, the Buyer is obligated within one (1) business day to deposit $150,000.00 as additional earnest money (the "Third Deposit"; and together with the First Deposit and Second Deposit, the "Deposits"). Upon expiration of the inspection period the Deposits become non-refundable and fully "at risk," subject to the terms of the Agreement.

4.      The Purchase Agreement provides the closing date ("Closing Date") for the purchase of the Property shall be on or before the date that is fifteen (15) days after the expiration of the inspection period, which currently is set for December 30, 2014.

## RELIEF REQUESTED

5.      The Debtors request the Court approve the Sale pursuant to §§ 363(b) and (f) of the Bankruptcy Code, with any liens on the Property to attach to the sale proceeds, and to pay the Debtors' broker, Hold Thyssen, Inc., the commission due under that certain Exclusive Right of Sale Listing Agreement.[2] The Debtors further request an expedited hearing on this Motion as soon as possible but no later than December 30, 2014, and that the Court waive the 21-day notice requirement provided under Bankruptcy Rule 2002(a)(2) to accommodate the hearing. The reason for the time urgency is that the Closing Date is currently scheduled for December 30, 2014, and, most importantly, the Buyer's loan commitment expires on December 31, 2014 and, thus, it is critical that the Sale close by year end.

6.      Section 363(b) of the Bankruptcy Code allows a debtor, after notice and a hearing, to sell property of the estate outside the ordinary course of business. Courts have held that Chapter 11 debtors attempting to sell assets outside the ordinary course of business and outside of a plan of reorganization must comply with 11 U.S.C. § 363 and must meet the "sound business purpose" test. See *In re Titusville Country Club*, 128 B.R. 396, 399 (W.D. Penn. 1991) (citing *Stephens Industries, Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063 (2nd Cir. 1983); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169 (D. Del. 1991); *In re Industrial Valley Refrigeration and Air Conditioning Supplies, Inc.*, 77 B.R. 15 (Bankr. E.D. Pa. 1987); *In re Sovereign Estates, Ltd.*, 104 B.R. 702 (Bankr. E.D. Pa. 1989)). Courts have determined the "sound business purpose" test requires that transactions should be approved

---

[2] The commission is 5% of the gross sale price. Plaza will file a separate motion to employ Hold Thyssen, Inc.

3

under § 363(b)(1) when: (a) they are supported by the sound business judgment of the debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith. See *In re Delaware & Hudson Rv. Co.*, 124 B.R. 169 (D. Del. 1991).

7. Bankruptcy Rule 2002(a)(2) provides for 21-day notice to all creditors of a proposed sale of property of the estate other than in the ordinary course of business, *unless* the court for cause shortens the time or directs another method of giving notice. Due to the time sensitivity involved in this case, the Debtors request the Court shorten the notice required to accommodate the closing scheduled for December 30, 2014. Parties in interest will have notice of the proposed Sale at least two weeks prior to any hearing (subject to the date of such hearing), which the Debtors submit is ample time to raise any objections there may be.

8. The Debtors have determined the Sale to the Buyer is in the best interest of their estates. The Sale proceeds will be sufficient to pay all secured creditors, administrative claims, and unsecured claims in full, and will likely result in excess available for distribution to the Debtors' equity security holders. The Debtors intend to pay the secured creditor on the Property, Old Florida Bank, and the broker for the deal, Hold Thyssen, Inc., at closing, and to hold the remaining sale proceeds in trust pending confirmation of a plan of liquidation. The plan will provide for an orderly liquidation of the Debtors, with Terry Soifer anticipated to be named as the liquidating agent. The Debtors anticipate filing a plan of liquidation prior to the Sale hearing.

9. Pursuant to § 363(f) of the Bankruptcy Code, a debtor-in-possession may sell all or any part of its property free and clear of any and all liens, claims, encumbrances or interests in such property if: (1) such sale is permitted under applicable nonbankruptcy law; (2) the party asserting such a lien, claim or interest consents to such sale; (3) the interest is a lien and the

purchase price for the property is greater than the aggregate amount of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the lien, claim or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

10. Here, the Debtors satisfy § 363(f)(3), since the sale proceeds exceed the aggregate amount of all liens on the property.

11. The Debtors also seek a finding that Buyer is a good-faith purchaser entitled to the protections set forth in Bankruptcy Code § 363(m). The Purchase Agreement is the product of intensive, good faith, arm's-length negotiations between the parties.

12. Finally, the Debtor requests the Sale Order become effective immediately by providing that the 14-day stay under Bankruptcy Rules 6004(h) and 6006(d) is waived. This Court has previously waived the stay provisions of the Bankruptcy Rules. *See In re L.L. Swor, Inc. d/b/a Furniture Country Galleries,* Case No. 6:08-bk-12173-ABB. Waiving the stay is important in this case so the Debtor can proceed to Closing timely by December 30, 2014. Moreover, the Debtors have served this Motion on: (i) the Office of the United States Trustee; (ii) the Buyer; (iii) all entities known to have asserted any lien, claim, encumbrance, or other property interest in the Property; (iv) all creditors and parties-in-interest; and (v) the taxing authorities for the Property. Therefore, given the ample notice of the hearing on this Motion provided to the service parties, which includes all lien holders and parties asserting an interest in the sale property, and the short timeline the parties have to close the Sale, the Court should waive the 14-day stay provisions of the Bankruptcy Rules in this case.

**WHEREFORE**, the Debtors respectfully request a hearing to consider the relief requested herein on or before December 30, 2014, and entry of an order: (i) approving the Sale to

Buyer free and clear of all liens; (ii) waiving the 21-day notice requirement under Bankruptcy Rule 2002(a)(2); (iii) waiving the 14-day stay provided under Bankruptcy Rule 6004(h); (iv) finding the Buyer is a good faith purchaser pursuant to § 363(m); and (v) for such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 12th day of December 2014.

/s/ Christopher R. Thompson, Esq.
**R. Scott Shuker, Esq.**
Florida Bar No. 0984469
rshuker@lseblaw.com
bknotice1@lseblaw.com
**Christopher R. Thompson, Esq.**
Florida Bar No. 0093102
cthompson@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
111 N. Magnolia Ave., Suite 1400
P. O. Box 3753
Orlando, Florida 32802-3753
Telephone: 407-481-5800
Facsimile: 407-481-5801
*Attorneys for the Debtor*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                       CASE NO. 6:14-bk-13362-CCJ

**VISITORS FLEA MARKET, LLC,**                               CHAPTER 11

          Debtor.
_____/

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **JOINT EXPEDITED MOTION OF VISITORS' PLAZA, INC., AND VISITORS FLEA MARKET, LLC, PURSUANT TO 11 U.S.C. § 363 FOR AN ORDER AUTHORIZING THE SALE OF THE DEBTOR'S REAL PROPERTY** has been furnished by U.S. First Class, postage prepaid mail to: Visitors Flea Market, LLC, Inc., c/o G. Charles Wohlust, Esq., PO Box 1570, Winter Park, FL 32790; Andrew M Brumby Esq, Shutts & Bowen LLP, 300 S Orange Ave, Ste 1000, Orlando, FL 32801; James M. Flick Esq, Flick Law Group, PL, 3700 S Conway Rd, #100, Orlando, FL 32812; Michael C Sasso, Esq, Michael A Sasso, Esq, Michael C. Sasso, PA, 1031 W Morse Blvd, #120, Winter Park, FL 32789; Old Florida National Bank, Attn: Mr. William Stangy, 315 E Robinson St, Ste 100, Orlando, FL 32801; Fassett, Anthony & Taylor, P.A., Attn: Phil D'Aniello, Esq., 1325 W. Colonial Drive, Orlando, FL. 32804; Osceola County Tax Collector, 2501 E. Irlo Bronson Memorial Highway, Kissimmee, FL 34744; all creditors and parties in interest, as shown on the matrices attached to the original of this motion filed with the Court; and Office of the United States Trustee, 400 W. Washington St., Suite 1400, Orlando, FL 32801, this 12th day of December 2014.

/s/ *Christopher R. Thompson*
Christopher R. Thompson, Esq.

```
Label Matrix for local noticing        Shutts & Bowen LLP                  Visitors Flea Market, LLC
113A-6                                 c/o Andrew M. Brumby                PO Box 1570
Case 6:14-bk-13362-CCJ                 P.O. Box 4956                       Winter Park, FL 32790-1570
Middle District of Florida             Orlando, FL 32802-4956
Orlando
Fri Dec 12 09:39:00 EST 2014

Aristides J Diaz, Esq                  Arnaldo Vega Pest Prevention        Beech Outdoor
Diaz Law                               411 Mallard Way                     291 Circle Dr
5364 Penway Drive                      Kissimmee, FL 34759-4448             Maitland, FL 32751-6456
Orlando, FL 32814-6714


Brighthouse Networks                   CBS Outdoor                         Centurylink
PO Box 30574                           185 US Hwy 46                       PO Box 1319
Tampa, FL 33630-3574                   Fairfield, NJ 07004-2321            Charlotte NC 28201-1319


Christopher M Josephs                  Container Rental                    David B Rosenberg, Esq
c/o Stephanie Josephs                  2715 Staten Rd                      Broad and Cassel
8726 Great Cove Dr                     Orlando, FL 32804-4213              2 S Biscayne Blvd, 21st Fl
Orlando, FL 32819-4100                                                     Miami, FL 33131-1800


Delroy W Josephs, Jr                   Donald Scarlett, Esq                Duke Energy
850 Via Bella Notte Dr                 1003 E Concord St                   PO Box 1004
Orlando, FL 32836                      Orlando, FL 32803-4671              Charlotte, NC 28201-1004


Estate of DelRoy Joseph Sr             FPIS                                Florida Department of Revenue
by G Charles Wohlust                   PO Box 560309                       Bankruptcy Unit
Curator and Mging Mbr                  Orlando, FL 32856-0309              Post Office Box 6668
PO Box 1570                                                                Tallahassee FL 32314-6668
Winter Park, FL 32790-1570


Florida Dept of Revenue                Internal Revenue Service            Internal Revenue Service
Attn: Executive Director               Centralized Insolvency Ops          Post Office Box 7346
5050 W Tennessee St                    PO Box 7346                         Philadelphia PA 19101-7346
Tallahassee, FL 32399-0140             Philadelphia, PA 19101-7346


J di Leonardo                          James A Flick, Esq                  Keira Josephs, et al
1840 Kingsbury Court                   Flick Law Group, PL                 c/o Monica Josephs
Kissimmee, FL 34744-4932               3700 S Conway Rd, #100              PO Box 3130
                                       Orlando, FL 32812-7662              Windermere, FL 34786-4130


Kenney Communications                  Kevin P Robinson, Esq               Kissimmee Utility Assoc
1215 Spruce Ave                        Zimmerman, Kiser                    PO Box 850001
Orlando, FL 32824-7935                 315 E Robinson St #600              Orlando, FL 32885-0001
                                       Orlando, FL 32801-4308


Kurt A Josephs                         Mark J Chmielarski, Esq             Mercedes Enterprises
8607 Crestgate Circle                  Greenspoon Marder PA                4301 W Vine St
Orlando, FL 32819-3856                 Capital Plaza I, Ste 500            Kissimmee, FL 34746-6608
                                       201 East Pine St
                                       Orlando, FL 32801-2729
```

| | | |
|---|---|---|
| Michael C Sasso, Esq<br>Michael A Sasso, Esq<br>Michael C. Sasso, PA<br>1031 W Morse Blvd, #120<br>Winter Park, FL 32789-3774 | Millicent Beth Coban<br>2757 ParkRoyal Dr<br>Windermere, FL 34786-8202 | Morris Visitor Publications<br>PO Box 1584<br>Augusta, GA 30903-1584 |
| Old Florida National Bank<br>315 E Robinson St, Ste 100<br>Attn: William Stangy<br>Orlando, FL 32801-1698 | Orlando Waste Paper<br>2715 Stated Rd<br>Orlando, FL 32804-4213 | Osceola County Tax Collector<br>Attn: Patsy Heffner<br>Post Office Box 422105<br>Kissimmee FL 34742-2105 |
| Osceola Cty Tax Collector<br>Attn: Patsy Heffner<br>2501 E Irlo Bronson Mem Hwy<br>Kissimmee, FL 34744-4909 | Premier Accounting<br>7021 Grand National Dr<br>Suite 106<br>Orlando, FL 32819-8378 | Richard Kenney Media<br>8970 Victoria Isle Place<br>Orlando, FL 32829-8822 |
| Sean F Bogle, Esq<br>101 S New York Ave #205<br>Winter Park, FL 32789-4290 | Securities Exchange Commission<br>175 West Jackson Street<br>Suite 900<br>Chicago IL 60604-2908 | Teresa Phillips, Esq<br>Forster Boughman<br>220 Lucien Way #405<br>Maitland, FL 32751 |
| United Security &<br>Communication<br>1500 Lincolnwood Ln<br>Longwood, FL 32750-7149 | VS Media Group<br>7616 Southland Blvd, Ste 104<br>Orlando, FL 32809-6976 | Visitors' Plaza, Inc<br>5811 W Vine Street<br>Kissimmee, FL 34746 |
| W Michael Clifford, Esq<br>Gray Robinson, PA<br>301 E Pine St #1400<br>Orlando, FL 32801-2798 | Wiginton Fire Systems<br>699 Aero Lane<br>Sanford, FL 32771-6699 | Andrew M. Brumby +<br>Shutts & Bowen LLP<br>Post Office Box 4956<br>Orlando, FL 32802-4956 |
| R Scott Shuker +<br>Latham Shuker Eden & Beaudine LLP<br>Post Office Box 3353<br>Orlando, FL 32802-3353 | United States Trustee - ORL +<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 | Elena L Escamilla +<br>Office of the United States Trustee<br>400 W. Washington Street<br>Suite 1100<br>Orlando, FL 32801-2440 |
| Christopher R Thompson +<br>Latham,Shuker,Eden & Beaudine, LLP<br>111 N. Magnolia Avenue<br>Suite 1400<br>Orlando, FL 32801-2367 | Note: Entries with a '+' at the end of the<br>name have an email address on file in CMECF | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Cynthia C. Jackson +<br>Orlando | End of Label Matrix<br>Mailable recipients    52<br>Bypassed recipients     1<br>Total                   53 | |